UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARK J. HANSEN, et al.,

      Plaintiffs,

  v.

ARTHUR SCHUBERT, et al.,

      Defendants.

NO. CIV. S-02-0850 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiffs' motion for reconsideration of this court's September 28, 2006 Memorandum and Order ("Order") pursuant to Eastern District Local Rule 78-230(k)[1] and Rule 54(b)[2] of the Federal Rules of Civil Procedure,

---

[1] Eastern District L.R. 78-230(k) provides the procedural rule for filing a motion for reconsideration of "any motion . . . granted or denied in whole or in part."

[2] Plaintiffs inappropriately filed this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. However, Rule 60(b) provides the procedural rule for filing a motion for relief from *final judgment*, and is therefore, not applicable. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466-67 (9th Cir. 1989). The court's Order granted in part and denied in part defendants' motion for summary judgment. As such, Rule

1

or, in the alternative, certification of an immediate interlocutory appeal under 28 U.S.C. 1292(b).  Plaintiffs also seek leave to file a third amended complaint.  Because the court has previously entered a scheduling order providing that "[n]o further amendments to pleadings without leave of court, good cause having been shown," (Docket No. 7, filed Aug. 5, 2002), plaintiffs are also implicitly seeking a modification of the Pretrial Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Defendants oppose these motions.  For the reasons set forth below,[3] plaintiffs' motions are DENIED.[4]

**A.   Reconsideration**

The court's Order granted in part and denied in part defendants' motion for summary judgment.  Plaintiffs argue that this court should reconsider its Order as it relates to two issues for which defendants' motion for summary judgment was granted.  First, plaintiffs argue that the court did not conduct the proper proportionality analysis regarding the manner of the execution of the warrant.  Second, plaintiffs argue that the court erred in finding that defendant Schubert's affidavit established probable cause for the search at issue in this case.

---

54(b) provides the appropriate procedural rule for this motion as the court's order adjudicated "fewer than all the claims . . . of fewer than all the parties."  Fed. R. Civ. Proc. 54(b).  Nonetheless, despite the procedural defect, the court will interpret plaintiffs' motion as a motion for reconsideration under Rule 54(b).

[3]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[4]   The facts of this case are set forth in the court's Memorandum and Order, filed September 28, 2006.  (Docket # 102).

2

An order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d Ed. 2005) (while authorized, reconsideration of interlocutory orders disfavored). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49. (9th Cir. 2000), cert denied, 121 S. Ct. 1671 (2001). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Generally, and absent highly unusual circumstances, reconsideration is appropriate only where (1) the party presents the court with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, (3) there is an intervening change in controlling law.[5] See Sch. Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

/////

---

[5] While the standards applicable to motions for reconsideration of final judgments or orders under Rules 59(e)(final judgments) and 60(b)(final judgments and orders) technically do not delimit the court's inherent discretion to reconsider interlocutory orders, the court nonetheless finds them to be helpful guides to the exercise its discretion.

3

Turning to plaintiffs' first issue, plaintiffs argue that "the court did not address the issue of the reasonableness of the manner of execution of the warrant directly, as it was required to do." (Pls.' Mot. for Recons. ("Pls.' Mot."), filed Oct. 27, 2006, at 4). The court addressed this issue. (See Order at 18-24). Plaintiffs argue that the order "did not consider the level of intrusiveness of the search." (Pls.' Mot. at 5). The court also addressed this issue. (See Order at 24-26).

Plaintiffs assert, with great vehemence and a degree of disdain, that they disagree with the court's findings. This is not grounds for the grant of reconsideration. Plaintiffs advanced arguments in their motion for reconsideration identical to the arguments they advanced in their opposition to defendants' motion for summary judgment. The court found these arguments unpersuasive then and unpersuasive now. In sum, plaintiffs simply offer no new evidence or legal support for their contention that the court committed clear error.[6]

---

[6] Plaintiffs assert that the court improperly held that they did not have a claim for the alleged unlawful seizure of ashes. (Pls.' Mot. at 4 n.1). Plaintiffs rely on the court's decision in Rutherford v. Berkeley, 780 F.2d 1444, 1448 (9th Cir. 1986), asserting that this claim must proceed to trial even if plaintiffs cannot identify the specific officers involved. In Rutherford, the plaintiff testified that the defendant police officers were among the five or six officers who were surrounding him while he was beaten and that he saw each of their faces while he was beaten. Id. However, the plaintiff could not specifically state whether the defendants punched or kicked him. Id. The Ninth Circuit found that a jury could reasonably infer that the named officers were participants in the plaintiff's beating and that summary judgment was inappropriate. Id.

In this case, plaintiff Kelly Bartaldo testified at her deposition that she saw that ashes from the urn were being put in a plastic bag by a man with hair who was taller than she was and who wore a vest. (Dep. of Kelly Bartaldo at 132:4-133:9). She

4

Plaintiffs' motion for reconsideration regarding their contention that the court did not adequately address the manner of the execution of the warrant is DENIED.

Turning to plaintiffs' second issue, plaintiffs argue that the court erred in finding that defendant Schubert's affidavit established probable cause to issue a search warrant.[7] (Pls.' Mot. at 6). Specifically, plaintiffs assert that (1) the affidavit does not establish the reliability of the informant; (2) the affidavit does not contain adequate underlying circumstances on which the CI based his beliefs; and (3) additional information did not corroborate the allegations of the CI. Plaintiffs' counsel concludes that the court's analysis of certain issues was "*wrong-headed on every possible level.*" (Pls.' Mot. at 12). While the court is appreciative of counsel's personal assessment, as with the first issue, plaintiffs' counsel utterly fails to support the motion for reconsideration with new

---

did not identify who was in the room or whether any of the named defendants were present. As such, this case is readily distinguishable from the facts of Rutherford. Further, *Kelly Bartaldo did not testify nor was there any evidence that any defendant actually seized the ashes.*

[7] In a footnote, plaintiffs also assert that they "are entitled to have a jury decide whether defendant Schubert should be held responsible for constitutional violations at the Hansen and Lancaster homes" because he misled officers through "his false and baseless comments." (Pls.' Mot. at 4 n.2). Plaintiff's rely on the Ninth Circuit's decision in Baldwin v. Placer County, 418 F.3d 966 (9th Cir. 2005). In Baldwin, plaintiffs presented evidence, in the form of thirteen declarations from other individuals whose trash was searched, that the defendant officer's affidavit supporting probable cause contained lies. In this case, plaintiffs did not present evidence sufficient to create a triable issue of fact that Schubert made false and baseless comments in his affidavit or to the officers executing the warrant. As such, Baldwin is inapplicable.

5

evidence or argument.  Rather, counsel merely complains that the court did not get it right.  Such petulance has no place in a serious discussion of the 4th Amendment, nor is it a substitute for an understanding of the Federal Rules of Civil Procedure.

Plaintiffs' motion for reconsideration regarding their contention that the court erred in finding that defendant Schubert's affidavit established probable cause is DENIED.

**B.    Interlocutory Appeal Under 28 U.S.C. § 1292(b)**

In the alternative, plaintiffs request that the court certify these two issues for immediate interlocutory appeal.  The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978);  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983); see 28 U.S.C. § 1291.  There is however, an exception to this general rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals . . . may thereupon . . . permit an appeal . . . . if application is made to it within ten days . . . .

28 U.S.C. § 1292(b).  An interlocutory appeal should be granted "only in exceptional situations in which allowing [such an appeal] would avoid protracted and expensive litigation."  In re Cement Antitrust Litig., 673 F.2d at 1026 (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).  The party seeking

certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances. Coopers & Lybrand, 437 U.S. at 474-75.

Section 1292 identifies three factors that must be present in order for the court to certify an appeal. First, the issue to be certified must involve a controlling issue of law. An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026 (citing U.S. Rubber Co. v. Wright, 359 F.2d at 785). Second, there must be substantial ground for difference of opinion on that issue. A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference"; the proponent of an appeal must make some greater showing. See First Am. Corp. v. Al-Nahyan, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal."). Third, an interlocutory appeal must be likely to materially speed the termination of the litigation. This factor is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal by the court of appeals on the management of the case. See In re Cement Antitrust Litig., 673 F.2d at 1026.

As apparently is their wont, plaintiffs again fail to address the substantive requirements for granting their request, except for conclusory assertions. (Pls.' Mot. at 2). However,

7

1 assuming that the first factor is met, plaintiffs have not shown
2 that there is a "substantial ground for difference of opinion."
3 Rather, the only ground that plaintiffs' counsel implicitly rely
4 upon is his own opinions of the court's findings.  This is hardly
5 sufficient to certify an issue for interlocutory appeal.
6     Further, certification of any issues in this case would not
7 serve the goal of § 1292(b) to avoid protracted and expensive
8 litigation.  The complaint in this case was filed on April 19,
9 2002.  (Docket # 1).  Over the next four years, both plaintiffs
10 and defendants filed various motions, including motions to stay
11 this action due to pending criminal investigations.  Discovery in
12 this case was conducted and closed on June 27, 2006.  On
13 September 28, 2006, the court entered its Order, granting in part
14 and denying in part defendants' motion for summary judgment.  A
15 jury trial is currently set in this matter for March 27, 2007.
16 This litigation has been protracted for over four years.  Now,
17 after dispositive motions have been filed and ruled upon by the
18 court, and the issues are ready for trial in March, defendants
19 seek certification for interlocutory appeal of two issues.  This
20 is not the exceptional case which Congress contemplated in
21 enacting § 1292(b).
22     Plaintiffs' motion for certification for interlocutory
23 appeal is DENIED.
24 **C.   Leave to Amend**
25     Finally, plaintiffs seek leave to file a third amended
26 complaint.  Plaintiffs seek to add a new claim based upon their
27 allegation that the search warrant at issue in this case was so
28 overbroad that it violated plaintiffs' constitutional rights.

8

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).[8]  A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). Orders entered before the final pretrial conference may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.

When evaluating whether a party was diligently, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Id. at 610. When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16

---

[8]   To rely solely on Rule 15 after a pretrial scheduling order has been entered would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Mammoth Recreations, 975 F.2d at 610 (adopting Rule 15's standards for amending the complaint would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier"); Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper. See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

As an initial matter, plaintiffs once again fail to discuss the substantive requirements of the applicable federal rule, in this case Rule 16, in their motion for leave to amend. However, plaintiff's counsel states that, "[i]n reading the Court's Memorandum and Order, dated September 28, 2006, co-counsel and I were alerted to the fact that the Second Amended Complaint does not expressly state a claim that the search warrant is constitutionally overbroad." (Decl. of Michael S. Sorgen in Supp. of Mot. to File Third Am. Compl., filed Oct. 27, 2006, ¶ 2). Plaintiffs' counsel did not acknowledge his own glaring omission until the court pointed it out in its Order. Now, after the dispositive motion deadline has long passed, plaintiffs' counsel's belated effort hardly demonstrates the requisite diligence required by Rule 16. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (denying the plaintiffs'

motion to modify the pretrial scheduling order to allow amendment to the complaint where the motion was filed at the time of the plaintiffs' reply to the defendant's motion for summary judgment and where plaintiffs had knowledge of facts giving rise to the claim at least one year prior to the filing of the motion).

Further, even if plaintiffs' counsel could demonstrate good cause to amend the Pretrial Scheduling Order pursuant to Rule 16, plaintiffs cannot satisfy even the liberal requirements of Rule 15.  Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires."  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).  In this case, granting plaintiffs leave to file an amended complaint would cause undue delay and prejudice. Discovery has been completed.  Dispositive motions have been ruled upon.  The jury trial is set for March 27, 2007.  *The facts underlying the proposed additional claim have been known to plaintiffs since the inception of the litigation in April 2002.* Plaintiffs had *four years* to file this motion to amend their complaint and failed to do so.  Now, a few months before trial, plaintiffs seek to add a new claim.  In light of such unexplained, dilatory conduct of plaintiffs' counsel, justice does not require such an amendment.  See Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393 (9th Cir. 1986) (denying leave to amend under Rule 15, stating that "late amendments to assert new theories are not reviewed favorably when
/////

11

the facts and the theory have been known to the party seeking amendment since the inception of the cause of action").

Plaintiffs' motion to amend the pretrial scheduling order and for leave to file a third amended complaint is DENIED.

IT IS SO ORDERED.

DATED: November 20, 2006

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE