1

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

12                          ----oo0oo----

13

14  MARK J. HANSEN, MONICA S.
    HANSEN, BERNIE L. HANSEN,
15  KELLY A. HANSEN, CARL J.
    BARTALDO, DONALD R. LANCASTER,
16  CONSTANCE A. LANCASTER, SHASTA
    GENERAL ENGINEERING, INC., a
17  California Corporation,
                                        NO. CIV. S-02-0850 FCD GGH
18          Plaintiffs,

19      v.                              MEMORANDUM AND ORDER

20  ARTHUR SCHUBERT, GREG A.
    ZIEGLER, VINCENT ZAMBRANA,
21  STEPHANIE McCALL, CRAIG
    BURSON,
22
            Defendants.
23                          ----oo0oo----

24      This matter is before the court on the parties' supplemental

25  briefing on defendants'[1] motion for summary judgment pursuant to

26  _____

27      [1]   The court notes that in plaintiffs' supplemental
    briefing, the caption includes numerous defendants who are no
    longer in this litigation due to voluntary dismissals by
28  plaintiffs or due to the court's prior rulings.  The court also
    notes the this caption does not include defendant Zambrana.  The
                                                   (continued...)

1  Federal Rule of Civil Procedure 56[2] on plaintiffs' due process

2  claim.   Due to the minimal attention directed to this issue in

3  the original motion and opposition and the resulting oversight of

4  the due process claim in the September 28, 2006 Memorandum and

5  Order, (Docket # 102), at the status conference held January 19,

6  2007, the court asked the parties to submit supplemental briefing

7  on this claim, not to exceed 10 pages.[3]   For the reasons set

8  forth below,[4] defendants' motion for summary judgment on

9  plaintiffs' due process claim is GRANTED.[5]

10                              **STANDARD**

11       Summary judgment is appropriate when it is demonstrated that

12  there exists no genuine issue as to any material fact, and that

13  the moving party is entitled to judgment as a matter of law.

14  Fed. R. Civ. P. 56(c); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144,

15  157 (1970).

16       Under summary judgment practice, the moving party

17

18  _____

        [1](...continued)
19  remaining defendants in this case are Arthur Schubert, Greg A.
    Ziegler, Vincent Zambrana, Stephanie McCall, and Craig Burson.
20  The court will consider plaintiffs' due process claim against
    these defendants only.

21
        [2]     Any further references to a "Rule" or "Rules" are to
22  the Federal Rules of Civil Procedure unless otherwise indicated.

23      [3]     The court's attention was first directed to its
    oversight in the joint pretrial statement, filed January 11,
24  2007.  (Docket # 110).

25      [4]     Because oral argument will not be of material
    assistance, the court orders this matter submitted on the briefs.
26  <u>See</u> E.D. Cal. L.R. 78-230(h).

27      [5]     The facts of this case are set out in the memorandum
    and order addressing defendants' original motion for summary
28  judgment, and are thus not repeated herein.  (<u>See</u> Docket # 102).

1  always bears the initial responsibility of informing
2  the district court of the basis of its motion, and
   identifying those portions of "the pleadings,
3  depositions, answers to interrogatories, and admissions
   on file together with the affidavits, if any," which it
4  believes demonstrate the absence of a genuine issue of
   material fact.

5  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the

6  nonmoving party will bear the burden of proof at trial on a

7  dispositive issue, a summary judgment motion may properly be made

8  in reliance solely on the 'pleadings, depositions, answers to

9  interrogatories, and admissions on file.'"  Id. at 324.  Indeed,

10 summary judgment should be entered against a party who fails to

11 make a showing sufficient to establish the existence of an

12 element essential to that party's case, and on which that party

13 will bear the burden of proof at trial.  Id. at 322.

14      If the moving party meets its initial responsibility, the

15 burden then shifts to the opposing party to establish that a

16 genuine issue as to any material fact actually does exist.

17 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

18 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.

19 253, 288-89 (1968).  In attempting to establish the existence of

20 this factual dispute, the opposing party may not rely upon the

21 denials of its pleadings, but is required to tender evidence of

22 specific facts in the form of affidavits, and/or admissible

23 discovery material, in support of its contention that the dispute

24 exists.  Fed. R. Civ. P. 56(e).  The opposing party must

25 demonstrate that the fact in contention is material, i.e., a fact

26 that might affect the outcome of the suit under the governing

27 law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986),

28 and that the dispute is genuine, i.e., the evidence is such that

3

1  a reasonable jury could return a verdict for the nonmoving party,

2  Id. at 251-52.

3      In the endeavor to establish the existence of a factual

4  dispute, the opposing party need not establish a material issue

5  of fact conclusively in its favor.  It is sufficient that "the

6  claimed factual dispute be shown to require a jury or judge to

7  resolve the parties' differing versions of the truth at trial."

8  First Nat'l Bank, 391 U.S. at 289.  Thus, the "purpose of summary

9  judgment is to 'pierce the pleadings and to assess the proof in

10 order to see whether there is a genuine need for trial.'"

11 Matsushita, 475 U.S. at 587 (quoting Rule 56(e) advisory

12 committee's note on 1963 amendments).

13     In resolving the summary judgment motion, the court examines

14 the pleadings, depositions, answers to interrogatories, and

15 admissions on file, together with the affidavits, if any.  Rule

16 56(c); SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir.

17 1982).  The evidence of the opposing party is to be believed, and

18 all reasonable inferences that may be drawn from the facts placed

19 before the court must be drawn in favor of the opposing party.

20 Anderson, 477 U.S. at 255.  Nevertheless, inferences are not

21 drawn out of the air, and it is the opposing party's obligation

22 to produce a factual predicate from which the inference may be

23 drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224,

24 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

25                          **ANALYSIS**

26 **I.   Evidence**

27     In support of the supplemental brief regarding their due

28 process claim, plaintiffs submitted additional evidence that had

                               4

not been previously submitted in opposition to defendants' motion for summary judgment.  At the status conference, the court ordered the parties to file supplemental *briefing*.[6]  The court's order did not permit the parties to bring a new motion or new evidence before the court.  The parties had an opportunity to present all of their evidence in support of their positions in the briefing and submissions on defendants' motion for summary judgment.  The court's direction for supplemental briefing was not an invitation for plaintiffs to take a second bite at the apple in bringing new evidence to the court's attention that could have and should have been brought in the original briefing and submissions.  As such, the court will not consider any new evidence filed in support of the supplemental briefing.

## II.  42 U.S.C. § 1983

Plaintiffs brings a claim under 42 U.S.C. § 1983, alleging that defendants violated their due process rights by their unreasonable delay in returning property seized pursuant to a search warrant.  The basis for plaintiffs' due process claim is set forth in the following allegations in the Second Amended Complaint:

> Defendant government entities[7] refused to return many of the items seized during the raids for an excessive amount of time after the seizure, depriving the plaintiffs of the ability to resume and effectively

---

[6]   The parties were instructed that the briefing was not to exceed ten pages; plaintiffs failed to comply with the page limit requirement set by the court.

[7]   While the allegations of the complaint allege constitutional violations by defendant government entities, none of which remain viable defendants in this action, the court will broadly interpret the complaint to allege a claim against the individual defendants as well.

operate their business.  Despite the fact that
defendant Schubert personally assured plaintiffs that
computers they used on a daily basis in their business
would be returned the week following the seizure, the
computers were in fact not returned for 1.5 months.
Other items were not returned until over a year after
the raid.

. . .

Plaintiffs have suffered loss to their business due to
the continued seizure of their original financial
documents.

Defendants informed plaintiffs of the existence of a
sealed affidavit in support of the search warrant.
Plaintiffs have moved to unseal the affidavit, to quash
the search warrant and to have the seized property
returned.  Their motions have recently been granted and
some of the seized property returned.

. . .

At the time the search warrant was executed, defendant
Schubert told plaintiffs that their computer files,
upon which they were dependent in order to continue
running their business, would be returned to them
within approximately one week.  Defendant Schubert's
failure to keep this promise, and his deliberate
refusal to return items seized within a reasonable
period of time, resulted in the destruction of
plaintiffs' business without due process of law.

(Pls.' 2d Am. Compl. ¶¶ 22-24, 29).

        The Fourteenth Amendment to the United States Constitution

provides that no state shall "deprive any person of . . .

property, without due process of law."  The Due Process Clause

confers both procedural and substantive rights.  Armendariz v.

Penman, 75 F.3d 1311, 1318 (9th Cir. 1996) (citations omitted).

However, plaintiffs do not specify in their Second Amended

Complaint, nor clarify in their briefing, whether they are

asserting a procedural or substantive due process claim.  As

such, the court will address plaintiffs' potential claim under

both theories.

A.    **Procedural Due Process**

"The Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interests enjoying the status of 'property' within the meaning of the Due Process Clause." Memphis Light, Gas, and Water Div. v. Craft, 436 U.S. 1, 9 (1978).  It is fundamental to the notion of procedural due process that "[p]arties whose rights are to be affected are entitled to be heard" and that this right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Fuentes v. Shevin, 407 U.S. 67, 79 (1972).  Although plaintiffs concede that most of their property was eventually returned, "even a temporary, nonfinal deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment." Perkins v. City of West Covina, 113 F.3d 1004, 1010 (9th Cir. 1997), *reversed on other grounds by* 525 U.S. 234 (1999), *reaffirmed by* 167 F.3d 1286 (1999).

"Procedural due process generally requires a hearing prior to deprivation." Id. (citing Fuentes, 407 U.S. at 90-91). However, "a limited number of 'extraordinary situations' justify postponing notice and the opportunity for a hearing until after the seizure of property," such as those circumstances where the seizure is "necessary to an important public interest, present[s] a special need for prompt action, and utilizes legitimate force which the government strictly controls." Id. (citing Fuentes, 407 U.S. at 90-91).  Specifically, there is no requirement of a pre-deprivation hearing before the seizure of possessions under a search warrant.  Id.; see Fuentes v. Shevin, 407 U.S. at 93 n.30.

7

1    Defendants argue that plaintiffs' procedural due process

2    claim must fail because California law affords adequate post-

3    deprivation process.   In <u>Perkins v. City of West Covina</u>, the

4    plaintiffs asserted a claim against the city under § 1983 for an

5    alleged violation of their procedural due process rights on the

6    basis that the city failed to provide a reasonable procedure for

7    the recovery of property seized pursuant to a search warrant.

8    <u>Id.</u>  The plaintiffs had remedies available to them, such as a

9    "nonstatutory" motion for the release of property seized under a

10   search warrant[8] or a remedy pursuant to § 1540[9] of the California

11   Penal Code.   The California Supreme Court had previously found

12   that "[t]hese various remedies satisfy the requirements of due

13   process."  <u>Aday v. Superior Court</u>, 55 Cal. 2d 789, 800 (1961)

14   (discussing §§ 1539-1540 as remedies to secure the return of

15   property seized pursuant to a warrant).   Accordingly, the Ninth

16   Circuit held that plaintiffs had adequate post-deprivation

17   remedies for the return of their property.  <u>Perkins</u>, 113 F.3d at

18   1011.   However, the court held that plaintiffs should prevail on

19

20       [8]   "Case law clearly establishes that both during and
21   after the pendency of a criminal action, section 1536 empowers
     the court to entertain a summary proceeding by 'nonstatutory'
22   motion, for the release of property seized under a search
     warrant."  <u>People v. Icenogle</u>, 164 Cal. App. 3d 620, 623 (1985)
23   (citing <u>People v. Superior Court</u>, 28 Cal. App. 3d 600, 609
     (1972); <u>Buker v. Superior Court</u>, 25 Cal. App. 3d 1085, 1089
24   (1972)).

25       [9]   Section 1540 of the California Penal Code provides:

26   If it appears that the property taken is not the same
     as that described in the warrant or that there is no
27   probably cause for believing the existence of the
     grounds on which the warrant was issued, the magistrate
28   must cause it to be restored to the person from whom it
     was taken.

                                  8

their procedural due process claim because they were not given explicit notice of the remedies available to them. Id. at 1011-14. On the city's appeal to the Supreme Court, the Court noted that the Ninth Circuit had found that "the postdeprivation remedies for return of property established by California statute and case law satisfied the requirements of due process." City of West Covina v. Perkins, 525 U.S. 234, 239 (1999). However, the Court reversed the Ninth Circuit's holding that individualized notice of these remedies was required. Id. at 241. On remand, the Ninth Circuit affirmed the district court's grant of summary judgment on the plaintiffs' procedural due process claim and reinstated its prior opinion in all other aspects, including its holding that post-deprivation remedies provided adequate due process for the return of property seized pursuant to a search warrant. Perkins v. City of West Covina, 167 F.3d 1286 (1999).

In this case, defendants contend that in addition to § 1540, § 1538.5 of the California Penal Code provides an adequate post-deprivation remedy for the return of property.[10] Section 1538.5 provides that "[a] defendant may move for the return of property . . . obtained as a result of a search or seizure" on the grounds that "[t]he search or seizure with a warrant was unreasonable." Plaintiffs thus had available to them post-deprivation procedures for the return of their property. Both the California Supreme Court and the Ninth Circuit have found that these procedures satisfy the requirements of due process. Perkins, 113 F.3d at

[10]   Defendants also assert that California provides other common law remedies for persons who have been deprived of their property such as fraud, negligence, theft, conversion, and imposition of a constructive trust.

1    1011.  Therefore, the court finds that plaintiffs have not stated

2    a viable claim for violation of their procedural due process

3    rights.  As such, defendants' motion for summary judgment

4    regarding plaintiffs' procedural due process claim is GRANTED.

5    **B.   Substantive Due Process**

6        The Fourteenth Amendment also confers substantive due

7    process rights.  <u>See</u> <u>Foucha v. Louisiana</u>, 504 U.S. 71, 80 (1992);

8    <u>United States v. Salerno</u>, 481 U.S. 739, 746 (1987); <u>Daniels v.</u>

9    <u>Williams</u>, 474 U.S. 327, 331 (1986).

10       However, the use of substantive due process to extend
         constitutional protection to economic and property
11       rights has been largely discredited.  <u>See generally</u>
         Gerald Gunther, <u>Constitutional Law</u> at 432-65.  Rather,
12       recent jurisprudence restricts the reach of the
         protections of substantive due process primarily to the
13       liberties "deeply rooted in this Nation's history and
         tradition."  <u>Moore v. East Cleveland</u>, 431 U.S. 494, 503
14       (1977).

15   <u>Armendariz</u>, 75 F.3d at 1318-19.  Further, "[w]here a particular

16   Amendment 'provides an explicit textual source of constitutional

17   protection' against a particular source of government behavior,

18   'that Amendment, not the more generalized notion of substantive

19   due process' must be the guide for analyzing these claims."

20   <u>Albright v. Oliver</u>, 520 U.S. 266, 273 (quoting <u>Graham v. Connor</u>,

21   490 U.S. 386, 395 (1989)).

22       Plaintiffs' § 1983 due process claim arises out of the

23   allegation that defendants' deliberate refusal to return the

24   seized items within a reasonable period of time resulted in the

25   destruction of plaintiffs' business without due process of law.

26   (Pls.' 2d. Am. Compl. ¶ 29).  The unreasonable retention of

27   seized property is the type of government conduct for which the

28   Fourth Amendment provides explicit limitations.  <u>See</u> <u>United</u>

States v. Tamura, 694 F.2d 591, 597 (9th Cir. 1982) (holding that
the "Government's unnecessary delay in returning the master
volumes appears to be unreasonable and therefore unconstitutional
manner of executing the warrant"); see also Fuller v. Vines, 36
F.3d 65, 68 (9th Cir. 1994), *reversed on other grounds by* 117
F.3d 1425 (1997) ("A seizure of property occurs, within the
meaning of the Fourth Amendment, when there is some meaningful
interference with an individual's possessory interests in that
property.") (internal quotations omitted).  The Supreme Court has
affirmatively held that where the Fourth Amendment is the source
of limitations on the type of conduct challenged by a plaintiff's
claims, that Amendment, rather than the more general substantive
due process protections guaranteed by the Fourteenth Amendment,
must govern the plaintiff's claim.  Albright, 520 U.S. at 273;
Graham, 490 U.S. at 395; see Armendariz, 75 F.3d at 1321.  As
such, because the conduct plaintiffs allege is the type of
government action that the Fourth Amendment regulates, their
substantive due process claim is precluded.[11]  Therefore,

_____

[11]    In Armendariz, the Ninth Circuit held that the
plaintiff' substantive due process claim was precluded because it
was regulated by the Fourth and Fifth Amendments.  In a footnote,
the court noted that permitting the plaintiffs leave to amend
would not appear to prejudice the defendants.  However, in this
case, because a scheduling order is in place, leave to amend not
only implicates Rule 15 and the inquiry regarding prejudice to
defendants; rather, a modification to the pretrial scheduling
order allowing plaintiffs leave to amend must first be analyzed
under Rule 16's diligence inquiry.  Plaintiffs alleged in their
complaint, filed September 16, 2002, and argued during the course
of this protracted litigation that defendants' unreasonable
retention of property violated their substantive due process
rights, not their Fourth Amendment rights.  Since the inception
of this litigation, plaintiffs were on notice that under Graham
and its progeny, their substantive due process claim was
precluded.  While plaintiffs have not briefed this issue, in
(continued...)

11

defendants' motion for summary judgment regarding plaintiffs' substantive due process claim is GRANTED.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment regarding plaintiffs' due process claim is GRANTED.[12]

IT IS SO ORDERED.

DATED: April 2, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[11](...continued)
light of the circumstances of this litigation, it would be extremely difficult for the court to find that plaintiffs had been diligent in seeking to amend their complaint. As the court has previously noted in this case, the court's acknowledgment of counsel's failure to bring a claim does not constitute the requisite diligence to modify the Pretrial Scheduling Order under Rule 16. (See Mem. & Order, Docket #109, filed Nov. 20, 2006, at 10).

[12] Because defendants' motion for summary judgment regarding plaintiffs' due process claim is granted, the court does not address the issue of damages. In both the original and supplemental briefing, the parties addressed the issue of damages, and the potential limitation thereof, arising out of plaintiffs' *due process claim*. In the last paragraphs of their supplemental reply, defendants raise issues relating to damages arising out of plaintiffs' *First Amendment claim*. This issue has not been adequately raised or briefed in defendants' motion for summary judgment and plaintiffs have not been given adequate opportunity to respond. However, the court would entertain such argument if brought as a properly noticed motion in limine prior to trial in this matter.

12